UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD ARJUN KAUL, MD; JANE DOE;
JOHN DOE,

                Plaintiffs,

-against-                                               25-CV-6495 (LTS)

JAMES PAUL OETKEN; EDWARD                ORDER OF DISMISSAL
SPONZILLI; PAUL E. DWYER; DANIEL M.
STOLZ; DAVID J. D'ALOIA; JAY W.
BROWN; JANE DOE; JOHN DOE,

                Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Richard Arjun Kaul, who is proceeding *pro se*, brings this new civil action against several individuals and entities regarding an alleged conspiracy on the part of Defendants, involving the denial of his medical license, and the subsequent litigation related to this denial.[1] By order dated August 13, 2025, the Court directed Plaintiff to pay the fees to initiate a new civil action or request leave to proceed *in forma pauperis* ("IFP"). Plaintiff filed an IFP application on August 15, 2025. The Court grants this application, but for the following reasons, dismisses the action.

## DISCUSSION

      On September 12, 2022, Plaintiff was barred from filing any new action, motion, petition, complaint, or request for relief regarding the denial of his medical license. *See Kaul v. Intercontinental Exch.*, No. 21-CV-6992 (JPO) (S.D.N.Y. Sept. 13, 2022) ("*Kaul I*"). The injunction barred Plaintiff from filing any such action against (1) Intercontinental Exchange, a

---

[1] Plaintiff includes a Jane Doe and a John Doe as plaintiffs in this action but does provide any information suggesting that other individuals intended to participate in this action. The Court therefore refers to a single plaintiff throughout this order.

stock exchange holding company; (2) GEICO, TD Bank, and Allstate Insurance Company ("Allstate"), banks and insurance companies; (3) Federation of State Medical Boards ("FSMB"); (4) Arthur Hengerer, Robert Heary, and Atlantic Health Systems, doctors and a health institution; (5) New Jersey officials Chris Christie, Philip Murphy, and Gurbir Grewal; (6) Daniel Stolz and Max Gersenoff, two lawyers; and (7) Rivkin Radler, a law firm. The injunction specifically barred Plaintiff

> from filing in any United States district court any action, motion, petition, complaint, or request for relief against any of the Defendants named in this litigation that relates to or arises from (i) the denial of his medical license; (ii) subsequent litigation proceedings initiated by the Defendants here before the date of this Order; (iii) subsequent litigation proceedings initiated by Plaintiff Kaul before the date of this Order; without first obtaining leave from this Court. Any motion for leave must include the caption "Request for Permission to File under Filing Injunction" and must be submitted to the Pro Se Intake Unit of this Court along with Plaintiff Kaul's proposed filings.

*Kaul I*, ECF 1:21-CV-6992, 168, at 19.

Plaintiff now files this new action, asserting claims against the Honorable J. Paul Oetken, the district judge who issued the injunction in *Kaul I*; Stolz, who Plaintiff sued in *Kaul I*; Edward Sponzilli, a lawyer who represented Heary in *Kaul I*; Paul E. Dwyer, a lawyer who represented Christie, Murphy, and Grewal in *Kaul I*; David J. D'Aloia, a lawyer who represented Allstate in *Kaul I*; and Jay Brown, a lawyer who represented the FSMB in *Kaul I*. The claims asserted in this action concern the alleged conspiracy regarding the denial of Plaintiff's medical license, as well as the subsequent litigation proceedings. Accordingly, the *Kaul I* injunction applies. Because Plaintiff did not request leave of court to file this new action, the Court dismisses the action for failure to comply with the *Kaul I* injunction order.

## CONCLUSION

The Court grants Plaintiff's IFP application and directs the Clerk of Court to terminate this motion (ECF 4).

The Court dismisses this action for failure to comply with the injunction issued in *Kaul v. Intercontinental Exch.*, No. 21-CV-6992 (JPO) (S.D.N.Y. Sept. 13, 2022).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 20, 2025
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge